UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TRACEY LAMOUAR SALTER, II<br>a/k/a GODLY DASYPUL,<br><br>Plaintiff,<br><br>v.<br><br>PARKVIEW HOSPITAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 2:20-cv-00451-JPH-DLP<br>)<br>)<br>)<br>) |

**SHOW CAUSE ORDER**

Tracey Salter has filed this action against Parkview Hospital alleging acts done "against his will" at birth. Dkt. 1. Unless Mr. Salter shows that this court has jurisdiction, his complaint must be dismissed.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The plaintiff bears the burden of establishing subject-matter jurisdiction. *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008). And if the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.,* 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*").

1

The Court does not appear to have jurisdiction over this case. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513 (2006) (citations and quotation omitted.)

Mr. Salter's complaint does not allege either federal-question or diversity jurisdiction. Dkt. 1. Furthermore, the complaint does not include his state of citizenship or the citizenship of the defendant. Dkt. 1. Without that information, the Court cannot find diversity jurisdiction. *See Evergreen Square of Cudahy,* 776 F.3d at 465.

Mr. Salter's complaint therefore must be dismissed unless he shows that this court has jurisdiction. Mr. Salter shall have **through October 19, 2020** to file an amended complaint that sets forth a basis for this Court's subject-matter jurisdiction. If Mr. Salter does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 9/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TRACEY LAMOUAR SALTER, II
208025
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838